# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

MARISLEIDY PUPO SOCARRAS,     )
                         )
          Petitioner,     )
                         )
-vs-                    )     NO. CIV-26-0571-HE
                         )
FRED FIGUEROA, Warden of     )
Diamondback Correctional Facility,     )
et al.,                   )
                         )
          Respondents.     )

## ORDER

On June 23, 2026, United States Magistrate Judge Amanda L. Maxfield issued a Report and Recommendation [Doc. #12], recommending the 28 U.S.C. § 2241 habeas petition be granted in part and respondents be ordered to provide petitioner Marisleidy Pupo Socarras an individualized bond hearing before a neutral Immigration Judge within seven days of the judgment in this matter, or else release her from custody. She also recommended the court order the government to bear the burden of proving, by clear and convincing evidence, that petitioner is a flight risk and/or danger to the community in order to justify her continued detention.

The federal respondents have objected to the Report and Recommendation [Doc. #15] to the extent it addresses petitioner's due process claims and recommends the government, at the individualized bond hearing, bear the burden of proof, by clear and convincing, that petitioner is a flight risk and/or danger to the community. They acknowledge the Tenth Circuit has decided the applicability of 8 U.S.C. § 1226(a) to

petitioner's detention.  In light of the statutory issue having been decided, they contend no further constitutional inquiry is required.  They request that any court order be limited to directing a bond hearing within seven days.

In accordance with 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of the matter.  The court agrees that petitioner is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a) pursuant to the Tenth Circuit's recent decision in Santillan Quiroz v. Mullin, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026).  The § 2241 habeas petition will be granted to that extent.  In light of the court's ruling, the court need not address petitioner's due process claims.  And as to the burden of proof issue, the court respectfully disagrees with the magistrate judge.  The court has previously determined the Fifth Amendment Due Process clause is not offended by leaving the burden of proof on the non-citizen in a § 1226(a) bond hearing.  *See* Singh v. Mullin, et al., CIV-26-712-HE, Order dated June 18, 2026, doc. #13.  The court sees no reason to change its position under the circumstances here.

Accordingly, the Report and Recommendation [Doc. #12] is **ADOPTED** to the extent that the petition for writ of habeas corpus under 28 U.S.C. § 2241[Doc. #1] is **GRANTED in part** and respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner if she has not received a lawful bond hearing within that period.

Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

2

**IT IS SO ORDERED**.

Dated this 21st day of July, 2026.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE